2021 IL App (3d) 180122

Opinion filed May 18, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois. |
|---|---|---|
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0122 Circuit No. 17-CF-516 |
| EDWARD L. McLAURIN, | ) ) ) | Honorable Walter D. Braud, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Daugherity and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1    The defendant, Edward L. McLaurin, appeals from his convictions, arguing that the circuit court's procedure for replaying the audio recording for the jurors hindered their ability to deliberate privately.

¶ 2                                    I. BACKGROUND

¶ 3    The State charged the defendant, Edward L. McLaurin, with aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2016)), unlawful use or possession of a weapon by a felon (*id.* § 24-1.1(a)), and reckless discharge of a firearm (*id.* § 24-1.5(a)).

¶ 4    During a jury trial, Khadija Stokes, the victim of the shooting in question, testified that the defendant was not involved in the shooting. Stokes further testified that she did not remember making any statements implicating the defendant. The State entered into evidence an audio recording of Stokes speaking to officers while she was in the hospital receiving treatment for her gunshot wounds. In this recording, Stokes said that the defendant shot her and continued shooting as she ran away.

¶ 5    After retiring to deliberate, the jurors asked to listen to the audio recording of the statement Stokes gave to the officers while at the hospital again, read a transcript of her statement, or both. The court permitted the jurors to choose between listening to the recording in the courtroom, without the parties present, or waiting for a transcript to be created. The jurors chose the former. The court cleared the courtroom of everyone but the jurors, the court reporter, the bailiff, and itself. The court gave the jurors the following instruction:

> "[Y]ou are not to deliberate. Don't say anything to each other, don't say anything to me. [The bailiff] is going to turn on the audio and stop it when it ends, and that's all that's going to happen here. And I have the court reporter here to make sure we have a good record that we are not interfering in your deliberations, which we just cannot do."

The bailiff played the audio recording and escorted the jurors back to the jury room.

¶ 6    The jury found the defendant guilty of all charged offenses. The court merged the unlawful use or possession of a weapon by a felon and the reckless discharge of a firearm convictions with the aggravated battery with a firearm conviction and sentenced the defendant to 15 years' imprisonment. The defendant filed a motion to reconsider sentence, which the court denied. The defendant appeals.

¶ 7                                    II. ANALYSIS

¶ 8          On appeal, the defendant argues the circuit court's procedure for replaying the audio

recording for the jurors hindered their ability to deliberate privately. As a preliminary matter, the

defendant forfeited this issue because he failed to raise it in his posttrial motion. See *People v.*

*Denson*, 2014 IL 116231, ¶ 11. However, we may review his claim under the plain error doctrine.

*People v. Piatkowski*, 225 Ill. 2d 551, 564-65 (2007). The first step of the plain error doctrine is

determining whether a clear or obvious error occurred. *Id.* at 565.

¶ 9          Jury deliberations must be kept private and secret to protect jurors from improper influence.

*United States v. Olano*, 507 U.S. 725, 737-38 (1993). However, if no harm results from an intrusion

on the privacy and secrecy of jury deliberations, reversal is not warranted. *Id.* at 738.

¶ 10         After the defendant filed his initial brief in this appeal, the Illinois Supreme Court decided

*People v. Hollahan*, 2020 IL 125091, ¶ 25, which found that "a [circuit] court may, after

submission of the case to the jury, suspend deliberations and bring the jury back into the courtroom

for supplemental instruction, when warranted." The supreme court held that it was acceptable for

the circuit court to allow the jury to review video or audio evidence in the courtroom in the

presence of the court, parties, and alternate jurors so long as there was no communicative

interchange and "deliberations did not take place while the jury was reviewing the video." *Id.*

¶ 11         We are bound by the *Hollahan* decision, as the factual scenario in the instant case is nearly

identical. Like in *Hollahan*, where the jurors did not deliberate when they watched the video

recording, the jurors here did not deliberate when they listened to the audio recording, as evidenced

by the lack of communicative exchange amongst the jurors in the transcript. See *id.* Therefore, the

circuit court did not interfere with jury deliberations by instructing the jurors to remain silent while

the audio recording played and preventing the jurors from controlling the recording's playback, as

deliberations did not take place during that time. See *id.* Because the court did not err, we need not continue our plain error analysis.

¶ 12    We note that, while the supreme court has found acceptable the practice employed by the court, here (see *id.*), we maintain that the best practice in such situations remains providing the jury with the opportunity to review audio or video evidence in the jury room alone. See *People v. Hollahan*, 2019 IL App (3d) 150556, ¶¶ 20-23, 27-28, *rev'd*, 2020 IL 120591. "[I]f, for some reason, a video or audio recording must be played for a deliberating jury in the courtroom, the jury should view the video in private, not in the presence of the parties, their attorneys, or the trial judge." *Id.* ¶ 28. Thus, while it was proper for the court to permit the jury to listen to the audio recording, best practice prescribes allowing the jury to listen to such a recording outside the presence of anyone else.

¶ 13                              III. CONCLUSION

¶ 14    The judgment of the circuit court of Rock Island County is affirmed.

¶ 15    Affirmed.

**No. 3-18-0122**

| | |
|---|---|
| **Cite as:** | *People v. McLaurin*, 2021 IL App (3d) 180122 |
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 17-CF-516; the Hon. Walter D. Braud, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Peter A. Carusona, and Sean Conley, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Dora A. Villarreal, State's Attorney, of Rock Island (Patrick Delfino, Thomas D. Arado, and Mark A. Austill, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |